900 F.2d 249
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Martin W. BARBOUR, Plaintiff-Appellant,
v.
PRINCE GEORGE'S COUNTY GOVERNMENT, Office of the County
Executive, County Administration Building; Ruth Roberts
Webbon, individually, and as Director, Office of Central
Services; Claire Spencer-Spears, individually, and as
Deputy Director; Ellen M. Errico, individually, and as
Administrative Assistant to Director; Barbara Frazier,
individually, and as Chief, Recruitment and Examination
Division; Jenise R. Anthony, individually, and as Personnel
Examiner; Ralph E. Grutzmacher, individually, and as
Associate County Attorney; Prince Georges County Government
Personnel Board; John A. Bielec, individually, and as
Chairman; David S. Bruce, individually, and as Hearing
Examiner; Phillips M. Schwartz, individually, and as
Property Management and Services Administrator; Robert O.
Duncan, Jr., individually, and as Director Defendants-Appellees
Martin W. BARBOUR, Plaintiff-Appellant
v.
PRINCE GEORGE'S COUNTY GOVERNMENT, Office of the County
Executive, County Administration Building; Ruth Roberts
Webbon, individually, and as Director, Office of Central
Services; Claire Spencer-Spears, individually, and as
Deputy Director; Ellen M. Errico, individually, and as
Administrative assistant to Director; Barbara Frazier,
individually, and as Chief, Recruitment and Examination
Division; Jenise R. Anthony, individually, and as Personnel
Examiner; Ralph E. Grutzmacher, individually, and as
Associate County Attorney; Prince Georges County Government
Personnel Board; John A. Bielec, individually, and as
Chairman; David S. Bruce, individually, and as Hearing
Examiner; Phillips M. Schwartz, individually, and as
Property Management and Services Administrator; Robert O.
Duncan, Jr., individually, and as Director, Defendants-Appellees.
 Nos. 88-2976, 89-2631.
 United States Court of Appeals, Fourth Circuit.
 Submitted August 31, 1989.
Decided March 19, 1990.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge (C/A No. 87-821-HM).
 Martin W. Barbour, appellant pro se.
 Joseph Barry Chazen, State's Attorney's Office, James Michael Dougherty, Jr., County Attorney's Office, for appellees.
 D.Md.
 DISMISSED.
 Before DONALD RUSSELL, SPROUSE, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Martin W. Barbour, whose applications for several positions with Prince George's County, Maryland, have been rejected, filed a lawsuit claiming various violations of federal and state law. The district court dismissed all claims against all defendants except the allegation that Ruth Webbon discriminated against Barbour on the basis of race, in violation of 42 U.S.C. Sec. 1981, when Barbour was not selected for the job of Procurement and Materiels Management Administrator. Barbour filed a Fed.R.Civ.P. 60(b) motion to vacate the order, and he also noted his appeal (No. 88-2976).
 
 
 2
 Subsequently, the court determined that all claims against all defendants should be dismissed except for the claims (1) that Webbon and Prince George's County violated Sec. 1981 by discriminating against Barbour on the basis of race when he was not selected to be the Procurement and Materials Management Administrator; and (2) that Webbon violated 42 U.S.C. Sec. 1983 when she rejected Barbour for another position because Barbour had appealed his rejection for the first job. The court determined that there was no just reason for delay and directed entry of judgment pursuant to Fed.R.Civ.P. 54(b). Barbour appeals that decision in No. 89-2631.
 
 
 3
 The appeal in No. 88-2976 is clearly interlocutory and accordingly is dismissed for lack of jurisdiction. Under 28 U.S.C. Sec. 1291 this Court has jurisdiction over appeal from final orders. A final order is one which disposes of all issues in dispute as to all parties. It "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 342 U.S. 229, 233 (1945).
 
 
 4
 As the order is not a final order, it is not appealable under 28 U.S.C. Sec. 1291. The district court did not direct entry of final judgment as to particular claims or parties under Fed.R.Civ.P. 54(b), nor is the order appealable under the provisions of 28 U.S.C. Sec. 1292. Finally, the order is not appealable as a collateral order under Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949).
 
 
 5
 We find that, in No. 89-2631, the district court abused its discretion when it certified the appeal pursuant to Fed.R.Civ.P. 54(b). There is a strong federal policy against piecemeal review, and there are no significant countervailing exigencies in this case that would warrant deviating from the general rule that appellate courts consider cases only when all claims against all parties are finally adjudicated. In this case, the relationship between the adjudicated and unadjudicated claims is so close that this Court would review many of the same facts now that it would be forced to consider again following appeal of a decision on the unadjudicated claims. See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 10-11 (1980); Para-Chem Southern, Inc. v. M. Lowenstein Corp., 715 F.2d 128, 132-33 (4th Cir.1983).
 
 
 6
 We accordingly dismiss both appeals. As the record and other materials before us indicate that it would not significantly aid the decisional process, we dispense with oral argument.
 
 No. 88-2976, DISMISSED
 No. 89-2631, DISMISSED